Filed 8/25/15  P. v. Locust CA3

## NOT TO BE PUBLISHED

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Tehama)

----

| | |
|---|---|
| THE PEOPLE, | C078171 |
| Plaintiff and Respondent, | (Super. Ct. No. NCR90415) |
| v. | |
| OAKS QUINTIN LOCUST, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Oaks Quintin Locust has filed an opening brief that sets forth the facts of the case and asks this court to review the record and determine whether there are any arguable issues on appeal.[1]  (*People v. Wende* (1979) 25 Cal.3d 436.)  Finding no arguable error that would result in a disposition more favorable to defendant, we affirm the judgment.

---

[1] Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief.  More than 30 days elapsed, and we received no communication from defendant.

1

We provide the following brief description of the facts and procedural history of the case.  (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 124.)

On March 26, 2014, defendant's father-in-law invited the victim over to his house, where defendant and his wife were having dinner.  When defendant learned the victim was coming over, he and his wife quickly packed up their belongings to leave.  The victim pulled up to the house as defendant and his wife were outside getting ready to leave.  Defendant approached the victim's car, punched in the window, and began stabbing the victim with a multi-tool knife.  When the victim scurried over to the passenger side to escape the attack, defendant came around the car, smashed in the passenger window, and commenced stabbing the victim.  The victim slid back over to the driver's seat and drove away to seek help.  The victim suffered two deep lacerations that severed tendons and nerves, and sustained permanent injuries to his wrists and hand.

An information was filed charging defendant with aggravated mayhem, mayhem, and assault with a deadly weapon resulting in great bodily injury.  (Pen. Code, §§ 205, 203, 245, subd. (a)(1), 12022.7, subd. (a).)[2]  All three counts also alleged defendant had personally used a deadly weapon in the commission of the offense.  (§ 12022, subd. (b)(1).)  The information also alleged defendant had served two prior prison terms within the meaning of section 667.5, subdivision (b).

On November 7, 2014, defendant pleaded no contest to attempted murder (§§ 187, subd. (a), 664) and admitted he inflicted great bodily injury and used a deadly weapon in the commission of the offense (§§ 12022.7, subd. (a), 12022, subd. (b)(1)).  In exchange for his plea, it was agreed he would be sentenced to 13 years in state prison and the remaining charges and allegations would be dismissed.

---

[2]  Further undesignated statutory references are to the Penal Code.

On December 15, 2014, the trial court sentenced defendant to 13 years in prison as follows: nine years for attempted murder; three years for the great bodily injury enhancement; and one year for the use of a deadly weapon. Defendant was ordered to pay various fines and fees, including a $1,000 restitution fine, and awarded 270 days of presentence custody credit. The trial court denied defendant's subsequent motion to withdraw his plea.

Defendant appeals. His request for a certificate of probable cause was granted. (§ 1237.5.)

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The judgment is affirmed.

                                                             RAYE            , P. J.

We concur:

            HULL            , J.

            ROBIE            , J.

3